RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 6-30-05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KYLE BARNHILL | DOCKET NO. 1:04 CV 1211 |
| | SECTION P |
| VS. | JUDGE DEE D. DRELL |
| ROBERT M. TAPIA | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

**KYLE BARNHILL** ("Petitioner"), filed the instant action pursuant to 28 U.S.C. §2241 on June 02, 2004. [Rec. Doc. 1]. He is currently incarcerated at the U.S.P. Pollock ("Pollock") in Pollock, Louisiana and is credited with the filing fee on June 7, 2004. [Rec. Doc. 3]. He names as defendant Warden Robert Tapia.

### STATEMENT OF CLAIM

Petitioner alleges officials at Pollock are miscalculating the term of his sentence. He alleges that the sentencing judge sentenced him to a term of 24 months in prison on August 7, 2001. He alleges that he has no other federal sentences to serve and that he has been held beyond the amount of time he was sentenced. [Rec. Doc.1, p.1]

As relief, he seeks release. [Rec. Doc. 1, p. 5].

On April 21, 2005 Plaintiff was ordered to amend his complaint. [Rec. Doc. 7]. Plaintiff's response was due on April 23, 2005. As of the date of this report, he has failed to comply with the amend order.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), failure to prosecute or comply with an order of the court, by a Plaintiff, is ground for dismissal of an action. An involuntary dismissal pursuant to Fed.R.Civ.P 41(b) "may be made by the court *sua sponte* for lack of prosecution by a party and is deemed an inherent power within the control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of the cases." Link v. Wabash Railroad Co., 370 U.S.626, 82 S.Ct. 1386, 8 L.Ed.2d 734(1962). *See also*, Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); Boudwin v. Graystone Ins. CO., Ltd., 756 F.2d 399, 401 (5th Cir 1985). Plaintiff has failed to comply with the undersigned's amend order. Therefore, his complaint should be dismissed. **Based upon the foregoing,**

**IT IS RECOMMENDED** that the instant civil rights action be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P.41(b).

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time

shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[1]**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

3